IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAISER D. FOREMAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THOMAS P. STRIGENZ,<br><br>　　　　　Defendant. | 8:25CV85<br><br>MEMORANDUM AND ORDER |

　　This matter is before the Court for case management. The Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the Court's entire filing fee, either at the outset when filing the complaint, or in installments if the Court grants leave to proceed in forma pauperis ("IFP"). In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951 (D. Neb. 2001).

　　On March 11, 2025, the Court granted Plaintiff's motion seeking leave to proceed IFP and ordered him to pay an initial partial filing fee in the amount of $7.90 by April 10, 2025 (the "IFP Order"). See Filing No. 8. To date, Plaintiff has not paid the initial partial filing fee or asked for an extension of time in which to do so. Accordingly, the Court will require Plaintiff to show cause why this case should not be dismissed for his failure to pay the initial partial filing fee.

　　If Plaintiff's failure to pay by the Court's deadline was caused by prison officials' failure to adhere to his request to remit payment using funds from his account or other circumstances beyond his control, his failure to pay within the time ordered by the Court will be excused. Absent a sufficient response, the case will be subject to dismissal. See Taylor v. Cassady, 570 Fed. App'x. 632 (8th Cir. 2014) (holding district court abused its

discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account").

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days to show cause why this case should not be dismissed for failure to pay the initial partial filing fee. In the absence of cause shown, this case will be dismissed without prejudice and without further notice.

2. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **May 22, 2025**: check for response to show cause order.

3. To the extent Plaintiff requires additional time to comply with this order he must file a written motion to extend time to respond on or before the May 22, 2025, deadline for compliance.

Dated this 22nd day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

2