IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KAISER D. FOREMAN,

        Plaintiff,

vs.

THOMAS P. STRIGENZ,

        Defendant.

**8:25CV85**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Kaiser D. Foreman's Complaint filed on February 13, 2025. Filing No. 1. Plaintiff is currently incarcerated at the Sarpy County Jail in Papillion, Nebraska. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

### I. SUMMARY OF COMPLAINT

Plaintiff has sued Thomas P. Strigenz, the Sarpy County Public Defender, in his official capacity. The following summarizes the allegations in his complaint.

Plaintiff alleges he was represented by Joseph Fabian, an assistant public defender who serves under Defendant's direction and supervision. Fabian allegedly failed to provide Plaintiff with a copy of the discovery for his criminal case and failed to file a motion for discovery due to office policy. Filing No. 1 at 5.

Plaintiff demands punitive damages for violation of his Sixth Amendment and due process rights. He also asks that his state criminal case be reviewed and possibly reversed.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. §§ 1915(e)(2) and 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). For the following reasons, Plaintiff's complaint must be dismissed as *Heck*-barred.

Plaintiff's § 1983 complaint asks the court to "have [his] case re-reviewed and possibly reversed," and he seeks an award of punitive damages from Defendant because he was convicted. Filing No. 1 at 5. Plaintiff cannot pursue a § 1983 claim to set aside his state criminal conviction. Challenging a state conviction or sentence is the province of habeas corpus, not a civil action under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Plaintiff also cannot prevail on a § 1983 action for damages arising from a state criminal judgment unless the state conviction or sentence was previously reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make that determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Since Plaintiff has not successfully set aside the state conviction, his § 1983 complaint for damages arising from that conviction is *Heck*-barred.[1]

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief

---

[1] In addition to dismissal of Plaintiff's complaint as *Heck*-barred, the Court notes Plaintiff cannot prevail on the merits because public defenders and court appointed counsel are not state actors for the purposes of recovery under 42 U.S.C. § 1983. *Loding v. Schaefer*, No. 8:21CV153, 2021 WL 4078284, at *2 (D. Neb. Sept. 8, 2021) (collecting cases).

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims against Thomas P. Strigenz, the Sarpy County Public Defender, must be dismissed as *Heck*-barred.

Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.

Dated this 26th day of September, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

4